ECF CASE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Trustees of the Teamsters Local 456 Pension, Health & Welfare, Annuity, Education & Training, S.U.B., Industry Advancement and Legal Services Funds and the Westchester Teamsters Local Union No. 456,

    Plaintiffs,

-against-

GORDO TRUCKING CORP.,

    Defendant.

**08 CIV 5045**

**COMPLAINT**

**JUDGE KARAS**

---

Trustees of the Teamsters Local 456 Pension, Health & Welfare, Annuity, Education & Training, S.U.B., Industry Advancement and Legal Services Funds, (hereinafter referred to as the "FUNDS"); and the Westchester Teamsters Local Union No. 456, (hereinafter referred to as the "UNION"), by and through their attorneys, BARNES, IACCARINO, VIRGINIA, AMBINDER & SHEPHERD, PLLC, allege as follows:

### JURISDICTION AND VENUE

1. This action is based on the provisions of Section 301 of the Labor Management Relations Act of 1947 (hereinafter referred to as the "Taft-Hartley Act") 29 U.S.C. Section 185, and on Section 502(a)(3) and Section 515 of the Employee Retirement Income Security Act, as amended (hereinafter referred to as "ERISA") (29 U.S.C. Section 1132(a)(3) and 29 U.S.C. 1145).

2. Jurisdiction is conferred upon this Court by Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and Sections 502(e)(1) and 502(f) of ERISA (29 U.S.C. Sections 1132(e)(1) and 1132(f)); and derivative jurisdiction is contained in 28 U.S.C. Sections 1331 and 1337.

3. Venue properly lies in this District under the provisions of 502(e)(2) of ERISA (29 U.S.C. Section 1132(e)(2)) and Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and 28 U.S.C. Section 1391(b).

4. This action is brought by the respective Trustees of the Funds in their fiduciary capacities and the Union for injunctive relief, monetary damages and other equitable relief under ERISA and for breach of a labor contract to secure performance by an Employer of specific statutory and contractual obligations to submit the required monetary contributions to the Plaintiffs.

## PARTIES

5. The Plaintiff Trustees are, at all relevant times, the fiduciaries of jointly administered multi-employer, labor management trust funds as defined by Section 3(21)(A) and Section 502(a)(3) of ERISA (29 U.S.C. Sections 1002(21)(A) and 1132(a)(3)). The Funds are established and maintained by the Union and various Employers pursuant to the terms of the Collective Bargaining Agreements and Trust Indentures in accordance with Section 302(c)(5)(1) of the Taft-Hartley Act (29 U.S.C. Section 186 (c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. Sections 1002 3(1), 3(2), 3(3) and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. Sections 1002(37) and 1145). Plaintiffs are Trustees of the Funds and the "plan sponsor" within the meaning of Section (3)(16)(B)(iii) of ERISA (29 U.S.C. Section 1002(16)(B)(iii)).

6. The Funds provide fringe benefits to eligible employees, retirees and their dependents on whose behalf the Employer is required to contribute to the Funds pursuant to its Collective Bargaining Agreement (hereinafter referred to as the "C.B.A.") between the Employer and the Union. The Funds are authorized to collect contributions on behalf of the employees of the Employers, and the Plaintiff Trustees

as fiduciaries of the Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. Section 1132(d)(1)) and are obligated to bring actions to enforce the provisions of the C.B.A. related to the protection of employee benefit rights.

7. The Funds' principal office is located and administered at 160 South Central Avenue, Elmsford, New York 10523, in the County of Westchester.

8. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. Section 142), and Section 3(4) of ERISA (29 U.S.C. Section 1002(4)), and as further defined in Section 12 of the General Associations Law of the State of New York.

9. The Plaintiff Union maintains an office and is administered at 160 South Central Avenue, Elmsford, New York 10523, in the County of Westchester.

10. Upon information and belief, the Defendant GORDO TRUCKING CORP., (hereinafter referred to as "the Employer") at all relevant times, was and is an "employer" within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. Sections 1002(5) and 1145) and was and still is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185).

11. Upon information and belief, the Employer is a for profit domestic corporation duly organized and existing pursuant to the laws of the State of New York with its principal place of business at 230 Drake Avenue, New Rochelle, NY 10805, in the County of Westchester.

## CAUSES FOR RELIEF
## AS AND FOR A FIRST CLAIM FOR RELIEF

12. The Employer executed a C.B.A. with the Union and/or was and still is a party to a C.B.A. with the Union by virtue of membership in an Employer Association.

13. The C.B.A. requires the Employer to submit contribution reports setting forth the hours that each of its employees worked and the amount of contributions due pursuant to the rate schedules set forth in the C.B.A. for all work performed by its employees covered by the C.B.A. and to remit such monetary contributions in accordance with the C.B.A.

14. Upon information and belief, as a result of work performed by the individual employees of the Employer pursuant to the C.B.A., there became due and owing to the Funds and Union from the Employer contribution reports, fringe benefit contributions and dues check-off.

15. The Employer has failed and refused to remit to the Funds and Union fringe benefit contributions and dues check-off due and owing under the C.B.A. and in accordance with the Trust Indentures for the period 12/07-3/08 in the amount of $13,834.06. The Employer has failed and refused to remit to Plaintiffs past due interest for the period 11/07 in the amount of $34.47.

16. These amounts described in paragraph 15 above are due and owing to the Funds and Union are self-reported and are subject to audit.

17. The Employer's failure, refusal or neglect to remit the proper contributions, and dues check-off to the Plaintiffs constitutes a violation of the C.B.A.

18. Pursuant to the C.B.A., as a result of the Employer's delinquency, the delinquent Employer may be required to pay, in addition to the delinquency, interest at the rate of ten (10%) percent per annum, together with liquidated damages in the amount of ten (10%) percent of the total delinquency and legal fees in the amount of fifteen (15%) percent of the delinquent amount.

19. Accordingly, the Employer is liable to Plaintiffs for contribution reports and fringe benefit contributions for the period 12/07-3/08 in the amount of $13,834.06. The Employer is liable to Plaintiffs for past due interest for the period 11/07 in the amount of $34.47.

**AS AND FOR A SECOND CLAIM FOR RELIEF**

20. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "19" of this Complaint as if fully set forth at length herein.

21. Section 515 of ERISA, (29 U.S.C. Section 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of the collective bargaining agreements and/or trust indentures.

22. The Employer has failed to pay or timely pay the fringe benefit contributions owed to Plaintiffs as a result of work performed by individual employees of the Employer. Such failure to make timely payment constitutes a violation of Section 515 of ERISA (29 U.S.C. Section 1145).

23. Section 502 of ERISA (29 U.S.C. Section 1132) provides that upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. Section 1145) which requires employers to pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining agreements, the Court shall award payment to a plaintiff Fund of the unpaid fringe benefit contributions, plus statutory damages and interest on the unpaid principal amount due both computed at a rate set forth in the United States Internal Revenue Code (26 U.S.C. Section 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

24. The failure to pay has injured the Funds and Union by delaying the investment of contributions and causing unnecessary administrative costs for the Funds and Union and has further injured the participants and beneficiaries and other contributing employers of the benefit plan in the form of lower benefits and higher contribution amounts.

25. Accordingly, the Employer is liable to Plaintiffs under the C.B.A. concerning the payment of fringe benefit contributions and under Sections 502 and 515 of ERISA (29 U.S.C. Sections 1132 and 1145) due to the failure to pay contributions when they are due.

26. Accordingly, the Employer is liable to Plaintiffs for unpaid fringe benefits contributions for the period 12/07-3/08 in the amount of $13,834.06 plus interest on the delinquent contributions, liquidated damages, court costs and attorneys' fees. The Employer is liable to Plaintiffs for past due interest for the period 11/07 in the amount of $34.47.

## AS AND FOR A THIRD CLAIM FOR RELIEF

27. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1 through 26" of this Complaint as if set forth at length herein.

28. Pursuant to ERISA and the Collective Bargaining Agreement, the Employer is required to timely submit current fringe benefit contributions, dues check-off and reports to Plaintiffs.

29. Upon information and belief, the Employer has in the past failed to timely submit current fringe benefit contributions, dues check-off and reports to plaintiffs and is in breach of the statutory obligations under ERISA and the Collective Bargaining Agreement.

30. During the course of the instant action, additional contributions and/or delinquency charges may become due and owing. If the Employer fails to pay the contributions and/or delinquency charges, as part of this action, at the time of trial or judgment, whichever is later, those additional amounts should be included.

## AS AND FOR A FOURTH CLAIM FOR RELIEF

31. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "30" of this Complaint as if set forth at length herein.

32. The financial integrity of the Plaintiff Funds and the allocation of proper eligibility and credit to the members is determined and are based upon prompt and accurate remittance of reports and fringe benefit contributions from the Employer.

33. Plaintiff Funds have no adequate remedy at law to ensure that the Employer will adhere to their continuing statutory and contractual obligations.

34. The failure of the Employer to promptly remit reports and payment will cause Plaintiffs immediate and irreparable injury unless the Employer and its officers, agents and servants are enjoined from failing, refusing or neglecting to submit the required current monetary contributions and reports to plaintiffs.

35. By reason of the foregoing, Plaintiffs are entitled to a permanent injunction enjoining the Employer from any further or future violations of this or subsequent collective bargaining agreements with plaintiff Union, as such agreements apply to the obligation of Employer to the Plaintiffs herein.

**WHEREFORE**, Plaintiffs respectfully pray for Judgment against the Defendant GORDO TRUCKING CORP., as follows:

On the First and Second Claims for Relief:

(a) In the minimum sum of **$13,834.06** for unpaid contributions to the Funds for work performed for the period 12/07-3/08 plus interest at the rate of ten (10%) percent per annum from when the contributions were due and liquidated damages calculated at ten (10%) percent of the principal amount due, past due interest for the period 11/07 in the amount of **$34.47.**

(b) Attorneys' fees calculated at fifteen (15%) percent of the principal amount due and court costs and disbursements as mandated by Section 502(g)(D) of ERISA, 29 U.S.C. Section 1132(g)(2)(D) and the C.B.A.;

On the Third Claim for Relief:

(c) Damages in the amount of any additional contributions and/or delinquency charges which may become due and owing during the course of the instant action which amount shall include the principal, plus interest and liquidated damages.

On the Fourth Claim for Relief:

    (d) A permanent injunction enjoining the Employer from violating the terms of this or successive Collective Bargaining Agreements and Declarations of Trust as they relate to the plaintiffs herein, including but not limited to the reporting and paying of all fringe benefit contributions in a timely fashion.

On All Claims for Relief:

    (e) For such other and further relief as to the Court deems appropriate.

Dated: Elmsford, New York
        May 21, 2008

                              Respectfully submitted,

                              BARNES, IACCARINO, VIRGINIA,
                              AMBINDER & SHEPHERD, PLLC

                              _____
                              Karin Arrospide, Esq. (KA9319)
                              Attorneys for Plaintiffs
                              258 Saw Mill River Road
                              Elmsford, New York 10523
                              (914) 592-1515